Affirmed and Majority and Concurring Opinions filed August 17, 2004









Affirmed and Majority and Concurring Opinions filed August 17,
2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00404-CR

_______________

 

ERNEST ROMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 913,969

_________________________________________________

 

C O N C U R R I N G  
O P I N I O N

 








In
essence, the trial court did not abuse its discretion in denying appellant=s motion to recuse because: (1) Judge
Harmon testified at the recusal hearing that he could consider the full range
of punishment; and (2) the evidence was undisputed that he had consistently
told the parties that he could do so.[1]  Moreover, the comments relied upon by
appellant (to show that Judge Harmon would not consider the full range of
punishment) reflected only that he thought he would be less lenient than a jury
in sentencing, but not that he could not, or would not, consider the full range
of punishment in whatever sentencing decision he made.  I thus believe it is unnecessary (at best) to
determine that Judge Harmon was biased at all, let alone whether as
contemplated by case law or from non-judicial sources.[2]

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed August 17, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore. 
(Fowler, J., majority.)

 











[1]           See,
e.g., Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002) (noting
that a trial court does not abuse its discretion if some evidence reasonably
supports its decision).





[2]           See
Tex. R. App. P. 47.1 (requiring
court of appeals opinions to be as brief as practicable to address the issues
necessary to disposition of the appeal).